IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jimmy Jones,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:02-cr-01017-TLW-1<br>C/A No. 4:16-cv-01584-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Jimmy Jones. For the reasons stated below, the Court grants the petition.

## I.     Factual and Procedural History

Petitioner pled guilty to being a felon in possession of a firearm and ammunition, and the Court sentenced him to 228 months (19 years) incarceration on February 20, 2004. ECF No. 49. He was sentenced as an armed career criminal under the Armed Career Criminal Act (ACCA), which imposes a mandatory minimum fifteen-year sentence on a felon who possesses a firearm and who has three or more prior convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).[1] His ACCA predicates were South Carolina convictions for (1) Burglary, 2nd Degree (January 19, 1993); (2) Burglary, 2nd Degree (July 13, 1994); and (3) Possession With Intent to Distribute Powder Cocaine (January 27, 1998). PSR ¶ 26. He filed a

---

[1] If he had not been classified as an armed career criminal, he would have faced a statutory maximum of ten years incarceration. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

1

direct appeal challenging his classification as an armed career criminal, but the Fourth Circuit affirmed his conviction and sentence. *United States v. Jones*, 150 F. App'x 208 (4th Cir. 2005). The Supreme Court denied his petition for a writ of certiorari. *Jones v. United States*, 546 U.S. 1157 (2006).

On November 16, 2006, Petitioner filed a pro se petition under 28 U.S.C. § 2255, which this Court dismissed on the merits after briefing. ECF Nos. 66, 87. He filed a direct appeal, but the Fourth Circuit declined to issue a certificate of appealability and dismissed the appeal. *United States v. Jones*, 305 F. App'x 994 (4th Cir. 2009).

On or about May 2, 2016, as required by 28 U.S.C. § 2244, Petitioner filed a pro se motion in the Fourth Circuit requesting authorization to file a successive § 2255 petition to seek resentencing in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *In re Jones*, No. 16-518 (4th Cir.), ECF No. 2. On May 16, 2016, the Fourth Circuit granted his motion, authorizing him to file a successive § 2255 petition. *Id.*, ECF No. 7-1. His § 2255 petition was docketed in this Court the following day. ECF No. 106.

In Petitioner's pro se § 2255 petition, he seeks to be resentenced without the ACCA enhancement in light of *Johnson*. *Id.* The Government initially filed a response in support, stating that he is no longer an armed career criminal and is entitled to be resentenced. ECF No. 114. The Court then directed the U.S. Probation Office to prepare a revised PSR, which it did. ECF Nos. 115, 116. The Court then directed the parties to brief the question of the retroactivity of *Mathis v. United States*, 136 S. Ct. 2243 (2016) and to address the impact of 28 U.S.C. § 2255(h)(2) on this successive petition.[2] ECF No. 118.

The Government then changed its position, filing a response in opposition based on its

---

[2] At this point, Petitioner was being represented by the Federal Public Defender's Office.

2

assertion that Petitioner is not entitled to relief because the Court cannot consider this successive petition. ECF No. 123. After the parties filed their briefs, but prior to the Court holding a hearing on the matter, the Fourth Circuit issued its opinion in *United States v. Winston*, 850 F.3d 677 (4th Cir. 2017), which resulted in another round of briefing, ECF Nos. 127, 129, 130. With briefing finally complete, the Court held a hearing on the matter and took it under advisement.

This matter is now ripe for decision.

## II. 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

## III. Discussion

The ACCA provides that a defendant convicted of being a felon in possession with three prior convictions for "a violent felony or a serious drug offense" faces a mandatory minimum of 15 years incarceration. 18 U.S.C. § 924(e)(1). "Violent felony" is defined as follows:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

3

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

18 U.S.C. § 924(e)(2)(B). There are three relevant parts to this definition:

(1) the force clause, which is § 924(e)(2)(B)(i) ("has as an element the use, attempted use, or threatened use of physical force against the person of another");[3]

(2) the enumerated clause, which is the first part of § 924(e)(2)(B)(ii) ("is burglary, arson, [] extortion, [or] involves use of explosives");

(3) the residual clause, which is the last part of § 924(e)(2)(B)(ii) ("otherwise involves conduct that presents a serious potential risk of physical injury to another").

### A. *Mathis* and *Johnson* retroactivity

If Petitioner were before the Court today for his initial sentencing, there is no question that he would not be classified as an armed career criminal under the current state of the law. He would have no more than one ACCA predicate conviction, as the parties agree that, pursuant to *Mathis* and *United States v. Hall*, 684 F. App'x 333 (4th Cir. 2017), neither of his South Carolina burglary convictions count as ACCA predicates under the enumerated clause. *See* ECF Nos. 123 at 1–2, 129 at 3. And, of course, the residual clause is no longer in play, having been declared unconstitutional by the Supreme Court. *Johnson*, 135 S. Ct. at 2563.

However, in order for Petitioner to receive the benefit of *Mathis* and *Johnson* in his fifteen-year-old case, these decisions must be retroactively applicable on collateral review. Precedent

---

[3] This clause is also sometimes referred to as the elements clause.

from the Supreme Court and Fourth Circuit, discussed below, constrains this Court to find that they are.

The Supreme Court's retroactivity framework is straight-forward, though not always easy to implement in practice:

> Under the *Teague* [*v. Lane*, 489 U.S. 288 (1989)] framework, an <u>old rule</u> applies both on direct and collateral review, but a <u>new rule</u> is generally applicable only to cases that are still on direct review. A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

*Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (emphasis added). As noted in *Whorton*, an old rule applies both on direct appeal and collateral review, but a new rule only applies on collateral review if it is substantive or is a watershed rule of criminal procedure. A new rule "breaks new ground," "imposes a new obligation on the States or the Federal Government," or is otherwise not "*dictated* by precedent existing at the time the defendant's conviction became final." *Teague*, 489 U.S. at 301 (emphasis in original). *Mathis*, the Supreme Court concluded, did none of these.

The Supreme Court's decision in *Mathis* is the latest entry in a long line of cases attempting to clarify the application of the categorical and modified categorical approaches to deciding when a prior conviction is properly counted as a predicate offense. As the Supreme Court explained, *Mathis* did not announce a new rule and instead reaffirmed the approach going back at least twenty-five years from *Taylor v. United States*, 495 U.S. 575 (1990), through *Shepard v. United States*, 544 U.S. 13 (2005), *Descamps v. United States*, 133 S. Ct. 2276 (2013), and others. *See Mathis*, 136 S. Ct. at 2247–49 (explaining the history and application of the categorical and modified categorical approaches). Thus, the Court concludes that *Mathis* announced an old rule, which is applicable on collateral review pursuant to *Whorton* and *Teague*.

Regarding *Johnson*, the Supreme Court has explicitly, and notably, held that it is a new

5

substantive rule that applies retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). In light of *Welch*, defendants sentenced pre- or post-*Johnson* get the benefit bestowed by that decision. The Court must follow the rulings in *Johnson* and *Welch* and resentence those previously sentenced as armed career criminals based on the residual clause. It has no discretion in light of these cases.

### B. Successive petition

There is no question that *Mathis* and *Johnson* would apply retroactively to Petitioner's case and entitle him to resentencing if this was his first § 2255 petition. However, that is not the case here. Because he has filed a prior § 2255 petition, the Court must make the threshold determination of whether it has jurisdiction to consider this *successive* petition.

Under 28 U.S.C. § 2244(b)(2)(A), the Court must dismiss this petition unless it concludes that the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Because neither party disputes that *Johnson* is such a new rule, the outcome of this case now turns on a narrow question: Does this petition "rel[y] on" *Johnson*?

As discussed above, two of Petitioner's ACCA predicates were for burglary, which is specifically listed in the enumerated clause. 18 U.S.C. § 924(e)(2)(B)(ii). According to the Government, the enumerated clause is where the analysis ends: "Because the record reveals that [Petitioner] was sentenced as an armed career criminal under the enumerated clause rather than the residual clause, his § 2255 motion does not rely on a new rule of constitutional law made retroactive by the Supreme Court . . . ." ECF No. 129 at 1. To determine whether the Government is correct, the Court turns to the *Winston* decision—the Fourth Circuit's recent pronouncement on the issue. Prior to *Winston*, the Government's position was stronger. However, in light of *Winston*,

6

a fair reading is that the Government's position has not been embraced by the Fourth Circuit.

In *Winston*, the defendant was sentenced under the ACCA to 275 months (22 years, 11 months) incarceration based in part on a Virginia robbery predicate. *See Winston*, 850 F.3d at 679. After the Supreme Court's decision in *Johnson*, the defendant filed a successive § 2255 petition, asserting in relevant part that his robbery conviction was no longer a valid predicate conviction and that he was therefore entitled to be resentenced without the ACCA enhancement. *See id.* at 680–81. The Government argued that he was not entitled to resentencing because he did not rely on a new rule of constitutional law. *See id.* at 681–82. Specifically, the Government argued that, because the record did not establish that the district court relied on the residual clause in counting his robbery as a predicate, he could not support his petition by relying on *Johnson*'s holding that the residual clause is unconstitutional. *Id.* at 682. Both the district court and the Fourth Circuit disagreed, concluding that his petition relied, at least in part, on the holding in *Johnson*. *Id.*

In reaching its decision, the Fourth Circuit recognized that the record did not establish that the district court specifically relied on the residual clause in concluding that the defendant's robbery was a predicate. *Id.* However, the Fourth Circuit noted that "'[n]othing in the law requires a [court] to specify which clause . . . it relied upon in imposing a sentence.'" *Id.* (quoting *In re Chance*, 831 F.3d 1335, 1340 (11th Cir. 2016)) (alterations in Fourth Circuit opinion). The Fourth Circuit said that it "will not penalize a movant for a [district] court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony." *Id.* The Fourth Circuit also concluded that putting the burden on the petitioner to affirmatively show that the district court relied on the residual clause "would result in 'selective application' of the new rule of constitutional law announced in *Johnson* [], violating 'the principle of treating similarly situated defendants the same.'" *Id.* (quoting *Teague*, 489 U.S. at 304). In light of the

7

above, the Fourth Circuit held as follows:

> [W]hen an inmate's sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in *Johnson* [], the inmate has shown that he "relies on" a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A). This is true regardless of any non-essential conclusions a court may or may not have articulated on the record in determining the defendant's sentence.

*Id.* (citing *In re Chance*, 831 F.3d at 1340). The petitioner in *Winston* was eligible for resentencing—the thrust of the Fourth Circuit's conclusion was that robbery may have been counted under the residual clause, which is enough to show that he relies on a new rule of constitutional law—*Johnson*—such that he may file a successive § 2255 petition. It is notable that the Fourth Circuit held that a petitioner is eligible for consideration of a successive petition when his sentence "*may* have been predicated on application of the now-void residual clause." *Id.* (emphasis added). During the hearing on this matter, the Government conceded that it would have argued at the original sentencing that the burglaries should be counted under the residual clause if they could not be counted under the enumerated clause.

The Government asserts that *Winston* is not applicable here because the record reveals that this Court specifically counted Petitioner's burglaries under the enumerated clause, rather than the residual clause. ECF No. 129 at 2. The Government accurately characterizes the sentencing hearing—this Court concluded that Petitioner's prior burglary convictions counted as predicates under the enumerated clause. *See* Sent. Tr. 8:11–10:12. However, the discussion of this issue thirteen years ago in this case was limited and not the focus of the sentencing hearing. The issue of why a burglary conviction counted as a predicate, specifically under the enumerated clause, was automatic at that time, as no residual clause issue was extant. Additionally, the fact that the Court counted the burglaries under the enumerated clause does not mean that the Court did so to the exclusion of the residual clause; it was simply not necessary for the Court to consider them under

8

the residual clause, having already concluded that they counted under the enumerated clause. This is an example of a "non-essential conclusion[] a court may or may not have articulated on the record in determining the defendant's sentence." *Winston*, 850 F.3d at 682. At sentencing, the Court could have mentioned that the burglaries also counted under the residual clause, in which case the Government presumably would not be challenging Petitioner's entitlement to resentencing. Again, it simply was not an issue at that time. If the Court were to adopt the Government's position in this case, the fact that the Court chose not to mention the residual clause would, in the words of the Fourth Circuit, result in "penaliz[ing] a movant for a court's discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony," which *Winston* explicitly held that courts should not do. *Id.*

Furthermore, the Government's position is not controlling in light of the fact that in order for Petitioner to be entitled to resentencing, he needs both *Mathis* and *Johnson*. If only *Mathis* existed, then his burglaries would not count under the enumerated clause, but they would still count under the residual clause.[4] Similarly, if only *Johnson* existed, then his burglaries would not count under the residual clause, but they would still count under the enumerated clause. Thus, for his burglaries to not count as ACCA predicates, he needs both—to take burglaries out of the enumerated clause via *Mathis* and to take burglaries out of the residual clause via *Johnson*. In this situation, there is no question that his petition "relies on" *Johnson*, as he would not be entitled to relief without it.

Accordingly, the Court concludes that it may consider this successive petition on the merits pursuant to § 2244(b)(2)(A), as the petition "relies on a new rule of constitutional law, made

---

[4] As noted, the Government conceded during the hearing that it would have made that exact argument.

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[5]

## IV. Conclusion

In summary, the Court is required to follow the Fourth Circuit's holding in *Winston*. That holding, in summary, is that if an inmate's ACCA sentence may have been predicated on the residual clause, he is seeking relief in reliance on a new rule of constitutional law such that he may file a successive § 2255 petition. *See Winston*, 850 F.3d at 682.

This Court sentenced Petitioner to nineteen years incarceration in 2004. He possessed a firearm and was an armed career criminal under federal law in light of his significant prior record. This Court imposed a significant sentence that it concluded was appropriate and fully justified in light of the facts of the case and the law at that time. However, the Court must follow the subsequent Supreme Court and Fourth Circuit decisions discussed above. Federal law now provides for a statutory maximum of ten years incarceration for an individual with Petitioner's criminal record, and this change in the law is retroactively applicable. This Court has no discretion based on the current state of the law.

---

[5] The Court also notes that Judge Jones in the Western District of Virginia was recently presented with the precise factual question presented here, and, in light of *Winston*, he also did not embrace the Government's argument because "the residual clause may have been used by the prosecution to establish his status, even though it was not." *United States v. Foster*, No. 2:09-cr-00017, 2017 WL 2628887, at *3 (W.D. Va. June 19, 2017) (emphasis in original). Judge Kiser, also in the Western District of Virginia, was recently presented with a related issue (specifically, whether *Johnson* restarted the § 2255 statute of limitations), and he concluded that *Johnson* restarted the timeliness clock in light of *Winston*. *United States v. Martin*, No. 4:06-cr-00049-3, 2017 WL 2601896, at *3 (W.D. Va. June 15, 2017).

At the hearing, the Government referred to *United States v. Williams*, No. 3:05-cr-173, 2016 WL 7155748 (E.D. Va. Dec. 7, 2016), *appeal docketed*, No. 17-6116 (4th Cir. Feb. 1, 2017), but that decision was issued pre-*Winston* and is currently on appeal. Thus, being pre-*Winston*, it has little precedential value.

For the reasons set forth above, the Court concludes that Petitioner is serving a sentence that the law does not allow to be imposed on him, and he is therefore entitled to relief on his § 2255 petition. Accordingly, his petition for relief pursuant to § 2255, ECF No. 106, is **GRANTED**. His sentence in this case is hereby **VACATED**.

The record reflects that Petitioner has already served more than the ten-year maximum term of imprisonment that could be imposed on him absent application of the ACCA enhancement.[6] However, rather than proceeding directly to resentencing, the Court concludes that, in light of the Government's position in this matter, an interlocutory appeal of this Order may be appropriate under 28 U.S.C. § 1292(b), as the Court concludes that this Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." As well, if a petitioner is resentenced, counsel at the hearing were uncertain as to whether the law would allow the original sentence to be reimposed should the Fourth Circuit or Supreme Court narrow the application of *Winston*. Section 1292(b) provides that the Court of Appeals may permit an interlocutory appeal if application is made within ten days after entry of this Order. Accordingly, the Court will withhold entering an amended judgment until that time has passed. If the Government does file an interlocutory appeal, the Court will stay any further action in this matter pending resolution of that appeal.

---

[6] He has been in custody since October 2002 on this charge. Revised PSR at 1.

**IT IS SO ORDERED**.[7]

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

August 23, 2017
Columbia, South Carolina

---

[7] In light of this ruling, the Court terminates as **MOOT** the remaining outstanding motions in this case, ECF Nos. 117, 125, 127.